UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARCH COAL, INC., MICHAEL HANNIFAN, AND KEVIN HAMPLEMAN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:05CV00712 ERW |
| FEDERAL INSURANCE CO., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Currently before the Court is Defendant's Motion to Dismiss Plaintiff Arch Coal's Complaint for Failure to State a Claim Upon Which Relief May Be Granted [doc. #13]. The Motion has been fully briefed and the Court has reviewed the parties' arguments. Upon review, the Court has determined that oral argument on the Motion is necessary.

**I.    BACKGROUND FACTS**

Plaintiff Arch Coal, Inc. ("Arch Coal") purchased an Energy Industries General Liability Insurance policy ("the Policy") from Federal Insurance Company ("Federal") with a policy period of July 31, 2001 to July 31, 2002. The Policy provides general liability insurance and requires Federal to defend its insureds against claims for bodily injury, among other things. The Policy provides that, in addition to Arch Coal, employees of Arch Coal and its subsidiaries acting within the scope of their employment are also insureds under the Policy.

On June 1, 2004, a lawsuit was filed in a Wyoming state court ("the Wyoming action") by and on behalf of Leslie Roy Butts and others against Michael Hannifan, Kevin Hampleman, and AG-

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

CHEM Equipment Company as a result of an injury Butts sustained while working as an employee of Thunder Basin Coal Company ("Thunder Basin"), a subsidiary of Arch Coal. At the time of the injury, Hannifan was employed by Thunder Basin as a safety manager and Hampleman was employed as Thunder Basin's president. Among other allegations, the suit alleges that the misconduct, acts, and omissions of Hannifan and Hampleman were substantial factors in causing Butts's injury. On June 21, 2004, Arch Coal, "on behalf of its employees, Michael Hannifan and Kevin Hampleman, and itself, tendered defense of the Wyoming Action to Federal." Compl. ¶ 6. Federal subsequently refused to defend in the Wyoming action, stating that the Policy provides no coverage.

As a result of Federal's refusal to defend in the Wyoming action, Arch Coal, Hannifan, and Hampleman (collectively, "Plaintiffs") have filed the instant suit. In Count I, Plaintiffs allege that Federal is obliged to defend in the Wyoming action and that its refusal to defend constitutes a breach of contract. Plaintiffs state that, as a result of Federal's alleged breach of contract, they have been damaged in an amount in excess of $25,000. Plaintiffs request that the Court enter judgment against Federal for these damages. In Count II, Plaintiffs state that they are entitled to a declaration of their rights under the Policy and contend that such a declaration is necessary to ensure that future costs of the defense of the Wyoming action will be paid in accordance with Federal's alleged obligation.

## II.     MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

## III. DISCUSSION

Plaintiffs seek damages related to Federal's alleged breach of contract for failing to provide a defense in the Wyoming action and a declaration that Federal is required to provide a defense in that case. In its Motion, Federal argues that one particular plaintiff, Arch Coal, has failed to state claims upon which relief can be granted because no substantial controversy exists between Arch Coal and Federal.[1] According to Federal, Arch Coal does not have standing to bring this action and is not a real party in interest. Federal states that Arch Coal has not been named and is not likely to be named in the Wyoming action and contends that Arch Coal is not entitled to a declaration as to whether it would be entitled to a defense if it is sued. Federal further argues that Arch Coal cannot bring a

---

[1] The Court notes that Federal has moved to dismiss the claims brought by Arch Coal. Federal has not moved to dismiss the claims brought by Hampleman or Hannifan.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

breach of contract claim based on a failure to provide a defense in a suit in which it has not been named. Federal also argues that, to the extent Arch Coal is attempting to bring claims on behalf of Hannifan or Hampleman, it is not the proper party to do so because Hannifan and Hampleman are not employees of Arch Coal, but are instead employees of Thunder Basin, a separate corporate entity. In opposing the Motion, Arch Coal contends that it has significant interests in the interpretation, application, and enforcement of the Policy it negotiated and purchased and that it is a necessary party with standing to obtain adjudication of a claim that is ripe for determination.

Upon review, the Court has determined that certain issues require further argument. First, the Court has considered Arch Coal's breach of contract claim. It is well-settled that, among other elements, a party alleging breach of contract must allege that the defendant has failed to perform and that it has been damaged as a result of the defendant's failure. *See, e.g., Shirely's Realty, Inc. v. Hunt*, 160 S.W.3d 804, 807 (Mo. Ct. App. 2005).[2] Thus, Arch Coal is required to allege facts demonstrating that Federal failed to perform and that it was damaged by Federal's failure. At this time, it is unclear to the Court how it could properly be alleged that Federal has breached its duty to defend Arch Coal when Arch Coal has not been named in the Wyoming action. Further, Arch Coal's basis for alleging that it has been damaged by Federal's refusal to defend Hannifan and Hampleman is unclear. Arch Coal states that Hannifan and Hampleman "have been forced to provide for their own defense" and that "Arch Coal has been required to retain counsel and incur expenses in connection with the Wyoming Action." Mem. in Opp. at 2. While it is clear that Hannifan and

---

[2]The question of what law will apply to the breach of contract claim is not presently before the Court and the parties have not yet had te opportunity to make arguments in this regard. The Court makes no determination at this time as to which state's law applies in this case. The general proposition stated here is not unique to Missouri law; rather, it is a universally-recognized principle of contract law.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Hampleman would be required to incur expenses in defending themselves in the Wyoming action, it is unclear why Arch Coal would be required to incur expenses with regard to a suit in which it is not a defendant.[3]

Second, the Court has considered Arch Coal's request for declaratory judgment. To determine whether an actual controversy exists under the Declaratory Judgment Act, the Court must determine "whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (internal quotation marks omitted). Such a determination must be made on a case-by-case basis. *Id.* According to Arch Coal, there is a substantial dispute between the parties as to the meaning of the Policy, and the parties have adverse legal interests because Arch Coal seeks coverage for Hannifan and Hampleman's defense costs as well as its own defense costs in the Wyoming action.[4] Arch Coal further contends that, because this action concerns a contract to which it is a party, it is a necessary and indispensible party to this action. Upon review, it appears that the substantive issues in this case are whether Hannifan and Hampleman are entitled to a defense and whether they are entitled to damages for failing to provide a defense. At this time, it is unclear what interest Arch Coal has with respect to the specific

---

[3] Federal suggests that Arch Coal might be paying the attorneys' fees and costs for defending Hannifan and Hampleman. This fact cannot be ascertained by the pleadings or briefing, and the Court cannot otherwise determine whether this is true. Even if Arch Coal is paying Hannifan's and Hampleman's defense expenses, it is unclear whether Arch Coal is under some legal obligation to do so or whether it is merely gratuitously making such payments. Finally, it is unclear whether such payments could constitute damages for purposes of a breach of contract analysis.

[4] Arch Coal further states that its interest is of sufficient immediacy and relativity to warrant issuance of a declaratory judgment because the Wyoming action is currently proceeding and it continues to incur costs associated with that proceeding. Mem. in Opp at 6.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

controversy that is currently before the Court and what specific legally-protectable interest Arch Coal has in this litigation.

Because the issues described herein remain unclear even after close review of the briefing submitted by the parties, the Court will entertain oral argument on Federal's Motion to Dismiss. Counsel should be prepared to address the specific issues identified herein as well as any other issues relevant to this Court's ruling on Federal's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that counsel for all parties shall appear before this Court on **January 5, 2006 at 9:00 a.m.** for a hearing on Defendant Federal Insurance Company's Motion to Dismiss [doc. #13]. Counsel shall present arguments specifically addressing the issues identified herein.

Dated this 5th day of December, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com