UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARCH COAL, INC., MICHAEL HANNIFAN, AND KEVIN HAMPLEMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV00712 ERW |
| FEDERAL INSURANCE CO., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff Arch Coal's

Complaint for Failure to State a Claim Upon Which Relief May Be Granted [doc. #13]. The Court

heard arguments from the parties on the Motion during a hearing on January 5, 2006.

**I.     BACKGROUND FACTS**

According to the Complaint,[1] Plaintiff Arch Coal, Inc. ("Arch Coal") purchased an Energy

Industries General Liability Insurance policy ("the Policy") from Federal Insurance Company

("Federal") with a policy period of July 31, 2001 to July 31, 2002. The Policy provides general

liability insurance and requires Federal to defend its insureds against claims for bodily injury, among

other things. The Policy provides that, in addition to Arch Coal, employees of Arch Coal and its

subsidiaries acting within the scope of their employment are also insureds under the Policy.

On June 1, 2004, a lawsuit was filed in a Wyoming state court ("the Wyoming action") by and

---

[1]When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all
material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S.
629, 633 (1999).

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

on behalf of Leslie Roy Butts and others against Michael Hannifan, Kevin Hampleman, and AG-CHEM Equipment Company as a result of an injury Butts sustained while working as an employee of Thunder Basin Coal Company ("Thunder Basin"), a subsidiary of Arch Coal.[2] At the time of the injury, Hannifan was employed by Thunder Basin as a safety manager and Hampleman was employed as Thunder Basin's president. Among other allegations, the suit alleges that the misconduct, acts, and omissions of Hannifan and Hampleman were substantial factors in causing Butts's injury. On June 21, 2004, Arch Coal, "on behalf of its employees, Michael Hannifan and Kevin Hampleman, and itself, tendered defense of the Wyoming Action to Federal." Compl. ¶ 6. Federal subsequently refused to defend in the Wyoming action, stating that the Policy provides no coverage.

As a result of Federal's refusal to defend in the Wyoming action, Arch Coal, Hannifan, and Hampleman (collectively, "Plaintiffs") have filed the instant suit. In Count I, Plaintiffs allege that Federal is obliged to defend in the Wyoming action and that its refusal to defend constitutes a breach of contract. Plaintiffs state that, as a result of Federal's alleged breach of contract, they have been damaged in an amount in excess of $25,000. Plaintiffs request that the Court enter judgment against Federal for these damages. In Count II, Plaintiffs state that they are entitled to a declaration of their rights under the Policy and contend that such a declaration is necessary to ensure that future costs of the defense of the Wyoming action will be paid in accordance with Federal's alleged obligation.

---

[2]During the hearing on this Motion, counsel for Arch Coal explained that Arch Coal is a mining company. In accordance with its risk-management strategy, it operates through numerous subsidiaries. These subsidiaries own individual mines and employ workers for those mines. As the parent company, Arch Coal provides services to the subsidiaries, including securing insurance coverage for them. Arch Coal alone negotiated and contracted with Federal to provide insurance coverage for all of Arch Coal's subsidiaries, and Arch Coal pays the premium for the Policy.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

## III. DISCUSSION

Plaintiffs seek damages related to Federal's alleged breach of contract for failing to provide a defense in the Wyoming action and a declaration that Federal is required to provide a defense in that case. In its Motion, Federal argues that one particular plaintiff, Arch Coal, has failed to state claims upon which relief can be granted because no substantial controversy exists between Arch Coal and Federal. According to Federal, Arch Coal does not have standing to bring this action and is not a real party in interest. Federal states that Arch Coal has not been named and is not likely to be named in

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the Wyoming action and that Arch Coal cannot bring a breach of contract claim based on a failure to provide a defense in a suit in which it has not been named. Federal also argues that, to the extent Arch Coal is attempting to bring claims on behalf of Hannifan or Hampleman, it is not the proper party to do so because Hannifan and Hampleman are not employees of Arch Coal, but are instead employees of Thunder Basin, a separate corporate entity. In opposing the Motion, Arch Coal contends that it has significant interests in the interpretation, application, and enforcement of the Policy it negotiated and purchased and that it does have standing to obtain adjudication of claims ripe for determination.[3]

    A.    <u>Legal Standards</u>

Pursuant to Article III of the United States Constitution, a federal court only has jurisdiction to hear actual cases and controversies and is without the power to decide questions that cannot affect the rights of the parties to the case before the court. *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004). This means that the controversy must be both definite and concrete and must concern the relations of parties having adverse legal interests. *Id.* Moreover, the party bringing the claim must have suffered some actual or threatened injury. *Id.* This same actual controversy requirement is applicable to claims brought pursuant to the Declaratory Judgment Act. *Id.* To demonstrate standing under the Declaratory Judgment Act, "a plaintiff must 'demonstrate that he has

---

[3]In this Court's December 5, 2005 Order, the Court noted that further argument on the Motion was necessary. The Court specifically noted that the issues requiring further explanation were: (1) how Federal has breached its duty to defend Arch Coal when Arch Coal has not been named in the Wyoming action; (2) how Arch Coal has been damaged by Federal's refusal to defend Hannifan and Hampleman; and (3) what interest Arch Coal has with respect to the specific controversy that is currently before the Court and what specific legally-protectable interest Arch Coal has in this litigation when Arch Coal has not been named in the Wyoming action. Counsel for Arch Coal addressed these issues during the hearing on January 5, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.'" *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). Such a determination must be made on a case-by-case basis. *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

      B.      The Present Case

      After considering the specific facts and circumstances of the present case, the Court concludes that Arch Coal does have standing to bring its claims. Though Federal is correct in pointing out that Arch Coal has not been named in the Wyoming Action and that Hannifan and Hampleman are employed by Thunder Basin and not Arch Coal, these facts are not dispositive of the question of whether a real controversy exists between Arch Coal and Federal. Arch Coal alone negotiated and purchased the Policy, securing coverage for itself, its subsidiaries, and their employees. Moreover, Federal looks to Arch Coal to pay the Policy premiums. Arch Coal alleges that it has been damaged by Federal's refusal to defend its insured, Hannifan and Hampleman, against claims for bodily injury in the Wyoming Action. Thus, the circumstances of this case make it clear that Arch Coal is a real party in interest.

      Further, an actual controversy exists between Arch Coal and Federal. Arch Coal contends that its Policy provides coverage for Hannifan and Hamplemann, while Federal argues that it does not. Thus, there is a substantial controversy between the parties concerning their adverse legal

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

interests. Arch Coal is a signatory to the contract at issue. Moreover, Arch Coal has an interest in the interpretation and enforcement of the Policy, which it negotiated and purchased as an integral part of its overall risk-management plan. There is no indication that Arch Coal is seeking an advisory opinion from this Court. Instead, Arch Coal contends that it has suffered actual injury as a result of Federal's actions. Finally, the controversy is of sufficient immediacy, given that the Wyoming action is ongoing.

Because Federal has not met its burden of demonstrating that Arch Coal has failed to state a claim upon which relief may be granted, its Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Federal Insurance Company's Motion to Dismiss [doc. #13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Arch Coal's request for leave to amend the Complaint to include Arch Coal in the prayer for relief under both Counts I and II is **GRANTED**. Plaintiff Arch Coal shall file its Amended Complaint within **TEN (10)** days of the date of this Order.

Dated this 2nd day of February, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com