UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARCH COAL, INC. et al.,            )
                                   )
        Plaintiffs,                )
                                   )
    vs.                            )    Case No. 4:05CV00712 ERW
                                   )
FEDERAL INSURANCE COMPANY,         )
                                   )
        Defendant.                 )

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Compel [doc. #48]. A hearing was held on May 5, 2006, and the Court heard arguments from the parties on the Motion.

As part of their discovery in this case, Plaintiffs sought the production of Defendant's claim file on Arch Coal's request for a defense from its insurer. Defendant eventually agreed to produce a portion of the claim file, along with a privilege log identifying certain documents as privileged.[1] On April 11, 2006, Defendant mailed to Plaintiffs a copy of the claim file, along with a list of documents identified as privileged.[2] After reviewing the documents on April 17, 2006, counsel for Plaintiffs observed that the documents produced by Defendant included documents identified on the privilege

---

[1] According to Defendant, it has viewed the entire claim file to be protected by the attorney-client privilege and the work product doctrine and therefore resisted its disclosure. After a long discovery dispute, Defendant agreed to produce limited documents from the claim file and to identify privileged documents in a privilege log.

[2] According to Defendant, counsel for Defendant made multiple copies of the claim file: one set of the materials "Federal 001-142" with the privileged documents removed, which were to be sent to Plaintiff with the privilege log; and a complete set of "Federal 001-142" for the client and counsel's file. Counsel for Defendant states that, in the course of packaging the documents in envelopes for mailing to Plaintiff, he inadvertently mixed up the stacks of documents.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

log accompanying the documents. Plaintiffs' counsel called counsel for Defendant to alert him of the error, and Plaintiffs' counsel agreed to comply with Defendant's counsel's request that he return all of the documents. Thereafter, Plaintiffs brought the instant Motion to Compel, arguing that they are entitled to the allegedly privileged documents because any privilege that might otherwise have applied was waived by Defendant's production of the documents. In the alternative, Plaintiffs argue that no privilege attaches because Defendant's refusal to defend Plaintiffs might have been in bad faith or because the attorney-author of the allegedly privileged documents was merely assisting with a regular business function of the insurance company.[3]

The parties agree that the applicable test to determine whether a waiver has occurred in this situation is set forth in *Gray v. Bicknell*, 86 F.3d 1472 (8th Cir. 1996). This test requires the Court to examine five factors: "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to rectify the disclosure, and (5) whether the overriding interest of justice would be served by relieving the party of its error." *Gray*, 86 F.3d at 1484. If, after considering these factors, the court determines that a waiver has occurred, the documents lose their privilege. *Id.* This test "accounts for the errors that inevitably occur in modern, document-intensive litigation, but treats carelessness with privileged material as an indication of waiver." *Id.*

For the reasons that follow, the Court finds that the portions of the claim file identified as privileged by Defendant are privileged and that the privilege has not been waived by Defendant's

---

[3]In accordance with this Court's May 8, 2006 Order, Defendant has produced a copy of the claim file at issue, along with the privilege log, for this Court's in camera inspection.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

inadvertent disclosure. After its in camera review, the Court is satisfied that the identified documents are protected by the attorney-client privilege. The identified privileged documents are all communications between Dennis Kearns, coverage counsel for Federal Insurance Company, and Brad Hitchen, litigation examiner for Federal Insurance Company, or others at Federal Insurance Company.[4] Though Plaintiffs believe that all twelve correspondences should be produced, the primary communication at issue is a ten-page coverage opinion from Mr. Kearns. The coverage opinion contains a thorough legal analysis of the case. The coverage opinion constitutes a communication between an attorney and his client and is protected by the attorney-client privilege. The same is true of the other identified documents. Plaintiffs' argument that the factual circumstances of this case indicate no privilege attaches is without merit.[5]

---

[4]The privileged documents are communications from or to Mr. Kearns from or to employees of Federal Insurance Company regarding Plaintiff's challenge of denial of coverage. Primarily, the communication is between Mr. Kearns and Mr. Hitchen. Some of the communication involves Mr. Hitchen's supervisors, Charles Short and Scott Meyers, or others at Federal Insurance Company responsible for Plaintiff's claim in some way.

[5]Plaintiffs make two arguments in support of their claim that the documents are not privileged. First, Plaintiffs argue that "it now appears that those documents may in fact undermine the Federal denial of coverage," Mem. in Supp. at 5, and that the documents might support an allegation that Defendant refused to defend Plaintiffs in bad faith. The single case cited by Plaintiffs in support of this proposition is a case in which a claim for bad faith denial had been made, making the factual circumstances of that case quite different from the instant case. *See Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642 (D. Ariz. 2005). In the instant case, there is no allegation in the Second Amended Complaint that Defendant denied the claim in bad faith and thus no relevant issue regarding the advice relied upon by Defendant.

Second, Plaintiffs argue that "it appears that Federal was, in fact, relying on the author of the memorandum, Dennis Kerns, to perform the regular business of Federal in assessing its coverage in response to the insured's tender." Mem. in Supp. at 5. The single case cited by Plaintiffs in support of this proposition is also a case involving a bad faith denial claim. *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 197 F.R.D. 620 (N.D. Iowa 2000). In any event, Plaintiffs have failed to demonstrate that Mr. Kearns was acting as a claims adjuster or otherwise merely performing the ordinary business of Defendant in this case. There is no indication that he was functioning as anything other than an attorney providing coverage advice to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Because the documents are privileged, the Court must determine whether that privilege was waived by the inadvertent disclosure at issue here. First, the Court considers the first, second, and third *Gray* factors: (1) "the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of document production," (2) the number of inadvertent disclosures, and (3) the extent of the inadvertent disclosures. *Gray*, 86 F.3d at 1484. According to Plaintiffs, Defendant took no precautions to prevent the disclosure of the documents at issue. Plaintiffs point out that Defendant produced just 142 pages of documents and that the number of inadvertent disclosures is quite high relative to the small number of pages actually produced. Plaintiffs point out that the error would have been readily apparent to anyone reviewing the materials prior to producing them. Though the Court agrees that the inadvertent error would have been simple to detect, Plaintiffs' argument is largely unpersuasive because it fails to consider the precautions that were taken and the diligence that was shown. The documents at issue were the subject of a long-standing discovery dispute and had been identified repeatedly by Defendant as privileged. Moreover, Defendant took care to identify which documents it would not produce and created a detailed privilege log referencing those documents. Defendant then made separate copies of the documents, with the intention of sending Plaintiffs the redacted copy of the claim file. Unfortunately, Defendant mistakenly sent the incorrect stack of documents. This was obviously a critical error, but it does not indicate that Defendant took no precautions to prevent the disclosure of the privileged documents. Thus, after considering the arguments made by the parties, the Court finds that Defendant did take reasonable precautions to prevent the inadvertent disclosure and that these factors weigh in favor of finding no waiver.

Next, the Court considers "the promptness of measures taken to rectify the disclosure." *Gray*

---

his client.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

86 F.3d at 1484.  In evaluating promptness, at least one court has considered when the disclosing party realized, or should have realized, the inadvertent disclosure.  *See Kan. City Power & Light Co. v. Pittsburgh & Midway Coal Mining. Co.*, 133 F.R.D. 171, 172 (D. Kan. 1989).  The Court finds this rule persuasive and will apply it in the circumstances at issue in this case.  According to counsel for Defendant, in the days following the mailing of the documents to Plaintiffs, he had expert depositions both locally and out of town and several court hearings.  Upon learning of the inadvertent disclosure on the morning of April 19, 2006, counsel immediately requested that counsel for Plaintiffs return the entire disclosure.  Counsel for Defendant then re-produced the redacted claim file and hand-delivered the package to Plaintiffs on April 21, 2006.  Defendant argues that, given that the entire mistake was rectified within four days of any party learning of the mistake, the situation was promptly remedied.  The Court agrees that Defendant did promptly correct its inadvertent disclosure. This factor weighs in favor of finding no waiver.

Finally, the Court must consider "whether the overriding interest of justice would be served by relieving the party of its error."  *Gray*, 86 F.3d at 1484.  As Defendant points out, the communication between counsel and client is one of the most sacred and long-standing privileges protected by law, and the purpose of this privilege is to encourage full and frank consultation between a client and legal advisor by removing the fear of compelled disclosure of information.  Here, Defendant sought an opinion from its coverage counsel, Mr. Kearns, the purpose of which was to obtain a full and complete analysis of relevant law and its affect on the particular facts of the case.[6] The coverage opinion contains a detailed analysis of the case and Defendant would be substantially

---

[6]Defendant points out that this coverage opinion has been identified as privileged in Answers to Interrogatories and Responses to Requests for Production since October 2005.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prejudiced if the document is stripped of its privilege due to counsel's excusable error. Moreover, the attorney-client privilege is designed to protect exactly the kind of communication at issue here. The documents were intended to be an honest evaluation of the coverage issues for the eyes of Defendant only. Such forthright analysis is necessary and helps to ensure that claims are given the attention that they require. Thus, the Court finds that the interests of justice weigh in favor of finding that no waiver has taken place.

Because the documents at issue are protected from disclosure by the attorney-client privilege and because that privilege was not waived by Defendant's inadvertent disclosure of the documents, Plaintiffs' Motion to Compel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel [doc. #48] is **DENIED**. To the extent that Plaintiffs have retained any copies of pages Federal 010, 017-019, 020-022, 023-024 (redacted portions only), 025-029, 036, 047-051, or 054-067, or any notes or records in any form concerning the content of those pages, such copies, notes, and records shall be destroyed. No party shall in any way copy, reproduce, refer to, quote, cite, rely upon, or otherwise use in any manner these identified pages in any further proceedings during the course of this litigation unless otherwise directed by this Court.

Dated this 22nd day of May, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com