UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARCH COAL, INC. et al.,           )
                                  )
            Plaintiffs,           )
                                  )
    vs.                           )   Case No. 4:05CV00712 ERW
                                  )
FEDERAL INSURANCE CO.,            )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiffs Arch Coal, Inc., Micheal Hannifan, and Kevin Hampleman's Motion for Bill of Costs [doc. #77]. Defendant has not filed an objection to Plaintiffs' Bill of Costs.

In Plaintiffs' Motion for Bill of Costs, they request that the Court tax costs against Defendant, pursuant to 28 U.S.C. § 1920. "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs not authorized by § 1920 because § 1920 "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Plaintiffs request the following costs: (1) $130.00 for the cost of the filing fee in this case; (2) $467.50 for the cost of the deposition of Brad Hitchen taken on March 28, 2006; (3) $313.10 for the cost of the deposition of Denise Hartling taken on June 06, 2006; (4) $176.26 for the cost of the deposition of John Larson taken on June 07, 2006; and (5) $20.20 for the cost of copies.

A. <u>Filing Fee</u>

Plaintiffs request $130.00 for the filing fee in this case. Defendant has not objected to this request. Filing fees are fees of the clerk and are authorized by § 1920. *See* 28 U.S.C. § 1920(1); *Nat'l Truck Equipment Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972 F.2d 669, 674 (6th Cir. 1992). The Court will tax the $130.00 filing fee in favor of Plaintiffs and against Defendant.

B. <u>Fees of the Court Reporter</u>

Plaintiffs requests $956.86 for the cost of obtaining Brad Hitchen, Denise Hartling and John Larson's deposition. Defendant has not objected to this request.

Section 1920 provides for the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This language embraces both deposition transcripts and trial transcripts. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The deposition must have been reasonably necessary or expected to be used at trial. *Emmenegger v. Gull Moose Tube Co.*, 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

taxed as having been 'necessarily obtained for the use in the case' within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1992). Therefore, the Court will tax $956.86 in favor of Plaintiffs and against Defendant.

C.      Fees for the Cost of Copies

Plaintiffs request $20.20 in fees for exemplification and copies of papers they contend were necessarily obtained for use in this case. Generally, under § 1920, fees for exemplification and copies of papers may be taxed if "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Some courts have determined that the phrase "for use in the case" refers to materials prepared "for use in presenting evidence to the court," *McIlveen v. Stone Cont. Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990), while others have determined that the copies actually need not be admitted into evidence. *See U.S. Andrews v. Suzuki Motor Co., Ltd.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995) ("only the costs associated with extravagant, useless, or obviously unnecessary copies" are not taxable). A party may not recover photocopy costs incurred for the convenience of counsel, including those incurred in serving pleadings or motions on opposing counsel, producing documents in discovery, or copying research material. *Emmenegger*, 33 F. Supp.2d at 1133. *See also Home Builders Ass'n of Miss. v. City of Madison*, 191 F.R.D. 515, 519-20 (S.D. Miss. 1999) (refusing to tax costs for photocopies related to convenience, preparation, research, or records of counsel). To recover for costs associated with photocopying, it is incumbent on the prevailing party to demonstrate at least what the documents were and what use was made of the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

documents. *See Home Builders Ass'n*, 191 F.R.D. at 519-20.

Plaintiffs request $20.20 for the cost of making copies of Plaintiffs' Motion for Summary Judgment and Memorandum in Support. Under the cost statute, Plaintiffs may not recover the photocopy expenses incurred in copying their own pleadings and motions for filing with the Court. *See Emmenegger*, 33 F. Supp.2d at 1133. (photocopy expenses incurred in copying a party's own pleading and motions, for filing with the Court, "are not taxable costs under the statute, because they are not copies of papers 'necessarily obtained for use in the case.'")

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Arch Coal, Inc., Micheal Hannifan and Kevin Hampleman's Motion for Bill of Costs [doc. #77] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $1,086.86 against Defendant Federal Insurance Company and in favor of Plaintiffs Arch Coal, Inc., Micheal Hannifan and Kevin Hampleman, for fees of the court reporter and for fees of the Clerk.

Dated this 20th day of October, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com